Case: 1:13-cv-03084 Document #: 1 Filed: 04/24/13 Page 1 of 8 PageID #:1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILLENIUM BIOLOGIX, LLC** § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. 1:13-CV-3084 |
| v. § | |
| § | |
| **BAXTER HEALTHCARE CORP.** § | JURY TRIAL DEMANDED |
| **APATECH, INC., AND** § | |
| **APATECH, LTD.** § | |
| § | |
| *Defendants*. § | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Millenium Biologix, LLC ("Millenium" or "Plaintiff") makes the following allegations against Baxter Healthcare Corp. ("Baxter"), ApaTech, Inc., and ApaTech, Ltd. (collectively, "Defendants").

## PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Nebraska. Plaintiff maintains its principal place of business at 2323 S. 171st Street, Suite 106, Omaha, Nebraska 68130.

2. Upon information and belief, Defendant Baxter is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 Baxter Pkwy, Deerfield, IL 60015. Baxter manufactures for sale and/or sells healthcare products in the United States and, more particularly, in the Northern District of Illinois. Defendant Baxter is a wholly–owned subsidiary of Baxter International, Inc. Baxter may be served with process by serving its registered agent, The Corporation Trust Company, located at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

3. Upon information and belief, Defendant Apatech Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 Baxter Pkwy # Df3-3e, Deerfield, IL, 60015. Apatech, Inc. manufactures for sale and/or sells healthcare products in the United States and, more particularly, in the Northern District of Illinois. ApaTech Inc. may be served with process by serving its registered agent, The Corporation Trust Company, located at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

4. Upon information and belief, Defendant Apatech, Ltd. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the United Kingdom with a principal place of business at 370 Centennial Ave., Centennial Park, Elstree, Hertfordshire, WD6 TJ, United Kingdom. Apatech Ltd. manufactures for sale and/or sells healthcare products in the United States and, more particularly, in the Northern District of Illinois. ApaTech Ltd. is a wholly–owned subsidiary of Baxter Holding B.V., which is a wholly–owned subsidiary of Baxter Global Holdings II Inc., which is a wholly–owned subsidiary of Baxter Healthcare Corporation of Puerto Rico, which is a wholly–owned subsidiary of Baxter Sales and Distribution Corp, which is a wholly–owned subsidiary of Baxter World Trade Corp., with preferred stock held by Defendant Baxter. Baxter World Trade Corp. is a wholly–owned subsidiary of Baxter International Inc. Defendant ApaTech, Ltd. was acquired by Baxter B.V. (and consequently, Defendant Baxter) in or around March 2010. ApaTech Ltd. may be served with process by serving its controlling parent corporation, Defendant Baxter, which may be served with process by serving its registered agent, CT Corporation System, 208 SO LaSalle St., Suite 814, Chicago, IL, 60604.

**JURISDICTION AND VENUE**

5. This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over the Defendants. Defendants have conducted and do conduct business within the State of Illinois. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise its products in the United States, the State of Illinois, and the Northern District of Illinois. Upon information and belief, each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be used in medical treatments in the Northern District of Illinois. Upon information and belief, these infringing products have been and continue to be purchased by consumers in the Northern District of Illinois. Defendants have committed the tort of patent infringement within the State of Illinois and, more particularly, within Northern District of Illinois.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. RE 41,251**

9. Plaintiff refers to and incorporates all preceding paragraphs as though fully set forth herein.

10. United States Patent No. RE 41,251 ("the '251 Patent"), entitled "Synthetic Biomaterial Compound of Calcium Phosphate Phases Particularly Adapted for Supporting Bone Cell Activity" was duly and legally issued by the United States Patent and Trademark Office on

April 20, 2010, after full and fair examination. The '251 Patent is a reissued patent of United States Patent No. 6,323,146 ("the '146 Patent"). The '146 Patent was duly and legally issued by the United States Patent and Trademark Office on November 27, 2001. Plaintiff is the exclusive licensee of all rights, title, and interest in and to the '251 Patent and possesses all rights of recovery under the '251 Patent, including the right to recover damages for past infringements. A true and correct copy of the '251 Patent is attached as Exhibit A.

11. Upon information and belief, Defendants manufacture, use, sell, offer to sell and/or distribute healthcare products, including, but not limited to, Actifuse Bone Graft Substitute. Actifuse is a bone void filler intended for orthopedic applications as filler for gaps and voids that are not intrinsic to the stability of the bony structure. Actifuse is sold in several different forms, found under the names ABX, Granules, Microgranules, MIS, and Shape. All Actifuse products infringe claim 6 of the '251 Patent.

12. Defendants Baxter and Apatech Inc. have actual notice of the '251 Patent at least as early as the filing of this Original Complaint. At least Apatech Ltd. had notice of the '251 Patent by virtue of having actual notice of the '146 Patent (the original patent to the Reissued '251 Patent) at least as early as March 30, 2007.

13. Upon information and belief, Defendants are infringing claim 6 of the '251 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: making, using, importing, offering to sell, and selling within the United States the patented invention of one or more claims of the '251 Patent.

14. Upon information and belief, Defendants' infringement of the '251 Patent has been knowing and willful.

15. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

16. Plaintiff is in compliance with the requirements of 35 U.S.C. § 287, and is entitled to past damages. From the date of six years before this suit was filed up to date of filing this suit, there were no authorized sales of commercial products embodying the claims of the '251 Patent.

17. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 6,585,992

18. Plaintiff refers to and incorporates all preceding paragraphs as though fully set forth herein.

19. United States Patent 6,585,992 ("the '992 Patent"), entitled "Synthetic Biomaterial Compound of Calcium Phosphate Phases Particularly Adapted for Supporting Bone Cell Activity" was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003, after full and fair examination. Plaintiff is the exclusive licensee of all rights, title, and interest in and to the '992 Patent and possesses all rights of recovery under the '992 Patent, including the right to recover damages for past infringements. A true and correct copy of the '992 Patent is attached as Exhibit B.

20. Upon information and belief, Defendants manufacture, use, sell, offer to sell and/or distribute healthcare products, including, but not limited to, Actifuse Bone Graft Substitute. Actifuse is a bone void filler intended for orthopedic applications as filler for gaps and voids that are not intrinsic to the stability of the bony structure. Actifuse is sold in several

5

different forms, found under the names ABX, Granules, Microgranules, MIS, and Shape. Actifuse is implanted by medical professionals in vivo to fill bone defects. Implantation of Actifuse in bone is infringes claims 1, 2, 9 and 18 of the '992 Patent.

21. Defendants Baxter and Apatech Inc. have actual notice of the '992 Patent at least as early as the filing of this Original Complaint. At least Apatech Ltd. had actual notice of the '992 Patent at least as early as March 30, 2007, and as such would have understood the likelihood of infringement.

22. Upon information and belief, Defendants are infringing claims 1, 2, 9 and 18 of the '992 Patent under 35 U.S.C. § 271(b) by inducing infringement by medical professionals who implant Actifuse in bone.

23. Upon information and belief, Defendants are infringing claims 1, 2, 9 and 18 of the '992 Patent under 35 U.S.C. § 271(c) by performing, without authority, one or more of the following acts: making, using, importing, offering to sell, and selling within the United States Actifuse, knowing that Actifuse has no substantial noninfringing uses.

24. Upon information and belief, Defendants' infringement of the '992 Patent has been knowing and willful.

25. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

26. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

A.  A judgment that Defendants have directly infringed the '251 Patent as alleged herein;

B.  A judgment that Defendants' infringement of the '251 Patent was willful.

C.  A judgment that Defendants have indirectly infringed the '992 Patent as alleged herein;

D.  A judgment that Defendant's infringement of the '992 Patent was willful.

E.  A judgment and order requiring Defendants to pay Plaintiff compensatory damages in an amount no less than a reasonable royalty under 35 U.S.C. § 284;

F.  A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.  A judgment and order that Defendants pay Plaintiff an on-going royalty for future acts of infringement if appropriate, at a rate determined by the jury or the Court;

H.  An judgment and order that Defendants pay Plaintiff treble damages for willful infringement;

I.  A judgment that this is an exceptional case and order that Defendants pay Plaintiff's attorney fees under 35 U.S.C. § 285; and

J.  Any and all other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues be determined by a jury.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Member of the General Bar, U.S. District
Court, Northern District of Illinois
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Of Counsel:
Keith A. Rutherford
Texas State Bar No. 17452000
krutherford@counselip.com
Terril G. Lewis
Texas State Bar No. 00796950
tlewis@counselip.com
Ngoc-Linh Bui
Texas State Bar No. 24068796
lbui@counselip.com
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Ste. 600
Houston, Texas 77070
Telephone: (832) 446-2400
Facsimile: (832) 446-2424

*Counsel for Millenium Biologix, LLC*