IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENIUM BIOLOGIX, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 13-CV-3084 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| BAXTER HEALTHCARE CORP., ) | |
| APATECH, INC., and ) | |
| APATECH LIMITED., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MILLENIUM BIOLOGIX, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Plaintiff Millenium Biologix, LLC ("Millenium") respectfully opposes Defendants' Motion to Stay Pending *Inter Partes* Review (Doc. 60). Defendants seek to stay the proceedings of this ligation after having very recently petitioned the Patent and Trademark Office ("PTO") to initiate an *inter partes* review ("IPR") of the patents-in-suit. While stays for pending IPRs are encouraged, and are appropriate in many instances, as a number of courts have found, the history between the Defendants and the patents and the Defendants delay in seeking Patent Office review of the patents-in-suit, clearly distinguish this case and demonstrate that a stay is not appropriate. In fact, none of the cases cited by Defendants have the history between the defendants and the asserted patents that we have in this case.

Back in 2006 and 2007, the original owner of the patents-in-suit was a direct competitor to Defendant ApaTech (before ApaTech was purchased by Baxter). As early as March 2007, ApaTech began threatening to put Millenium's patents in reexamination, presumably because the

1

patents were a threat to ApaTech's products Actifuse—accused in this case. Defendants could have had their results from the PTO long ago had they requested the reexamination at that time. However, ApaTech decided at that point not only to forgo pursuing Patent Office reconsideration of the patents-in-suit, but also to continue to sell and profit from its product Actifuse. Now that Millenium has filed suit in an effort to enforce its rights, Defendants, as a strategic move in this ligation, chose to now file a petition with the PTO and ask this Court to stay its proceedings. Defendants chose to pass on having issues decided by the PTO. Now that Millenium has chosen its forum and initiated this litigation, Defendants should not be able to continue to benefit from their years of delay, and in fact extend that delay through a litigation strategy designed to put off the inevitable.

Additionally, Defendants' petitions have not been granted, so currently there is only the *potential* for reexamination. As such, even if this Court were to consider rewarding Defendants for their delay, the Court should not address Defendants' motion to stay until the PTAB has decided whether or not it will grant Defendant's petitions. If any petitions survive Millenium's challenges at the preliminary stage, the Court will then have a better understanding of what issues the PTO will address and can make a determination whether the IPR proceedings warrant a stay of this litigation. At a minimum, if these proceedings are stayed now, the scope of the IPR estoppel should be expanded to be in effect now rather than waiting for the PTAB to possibly grant the petitions.

I.  **Legal Standard**

This Court has discretion to stay proceedings in this suit pending the PTO's consideration of petitions for IPR of the patents-in-suit. *GPS Indus. Inc., et al., v. Pro Link Solutions, et al.*, 2009 US Dist. LEXIS 131926, at *4 (N.D. Ill. Feb. 25, 2009). In deciding whether to stay

litigation pending reexamination, courts generally consider the following factors: 1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, 2) whether a stay will simpifly the issues in question and streamline the trial, and 3) whether a stay will reduce the burden of litigation on the parties and on the court. *GPS Indus. Inc., et al.,* 2009 US Dist. LEXIS 131926, at *4-5. However, "[i]t is not yet even established that a re-examination of the [] patent will be undertaken by the PTO. Therefore, it would be premature for the Court to analyze this *potential* reexamination as cause for a stay under the factors set forth above." *Trustees of Boston Univ. v. Everlight Elecs. Co., Ltd., et al.*, No. 12-11935-FDS, (D. Mass. July 11, 2013) (emphasis original) (attached as Exh. A).

"The party seeking the stay has the burden of demonstrating that a stay is warranted." *Helferich Patent Licensing, LLC v. The New York Times Co., et al.*, 2012 U.S. Dist. LEXIS 64789, at *8 (N.D. Ill. May 8, 2012). "A stay is no ordinary measure, and 'if there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

## II. IPR Proceedings

Anyone who is not the patent owner may file a petition to institute an IPR of a patent. 35 U.S.C. § 311(a). The petitioner may request to cancel one or more patent claims based on anticipation or obviousness. 35 U.S.C. § 311(b). Upon the filing of an IPR petition, the Patent Trial and Appeal Board ("PTAB") has up to six months to decide whether to grant the petition and thereby institute an IPR. 35 U.S.C. § 314(b). The PTAB will institute the IPR if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). When instituting an IPR, the PTAB may

authorize the review to proceed on all of the grounds of unpatentability asserted, or a subset thereof. 37 C.F.R. § 42.108(a). After the PTAB's decision on the petition, the PTAB has up to year (extendable up to six months) to issue a final determination. 35 U.S.C. § 316(a)(11).

## III. Argument

### A. Defendants Delayed Bringing Their Request To Reconsider The Patents-In-Suit.

Defendant's delay in pursuing PTO review of Millenium's patents should not be rewarded with the unnecessary delay of these proceedings. Defendants have waited at least six years to challenge Millenium's patents with the PTO.[1] On March 30, 2007, Defendant ApaTech, Ltd. notified the patent owner of ApaTech, Ltd.'s intent to file requests for reexamination of the patents-in-suit. (Doc. 58, Exh. C.) A court may deny a request for a stay where a movant has unjustifiably delayed in seeking reexamination. *Ecolab, Inc. v. FMC Corp.*, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007). In light of Defendants' unjustifiable delay of petition for reexamination, the Court should deny Defendants' request for stay.

### B. Defendant's Petitions Will Likely Be Denied.

The main assertion that Defendants make in an attempt to invalidate Millenium's patents is that the patentee's original filing, from which the patents-in-suit claim priority, is not part of the patents' priority chain, but instead is an invalidating piece of art. (Doc. 61, Exh. 1, 8-10; Doc. 61, Exh. 2, 8-9; Doc. 61, Exh. 3, 9-10; Doc. 61, Exh. 4, 9-10.) In other words, Defendants are trying to turn the patent's parent application into prior art. A patent's parent application is *not* prior art, but instead is the original application from which the patents-in-suit claim their priority. *See* '992 Patent, p 1 (attached as Ex. C.) Millenium will show at the preliminary stage

---

[1] Although Defendants allege that Millenium delayed in bringing this suit, "[Millenium's] alleged delay is not relevant to [Defendant's] delay in seeking *inter partes* review." *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 12-2730-ADM/AJB, ECF No. 36, at FN. 5 (D. Minn. Aug. 20, 2013) (attached as Exh. B).

4

of the IPR petition consideration that the patents' parent application is just that, the parent application, not somehow prior art to itself, as Defendants claim.

A review should not be instituted if the references asserted are not in fact prior art. 77 Fed. Reg. 48,764 (Aug. 14, 2012) (Doc. 61, Exh. 5). Unlike most IPRs where the petitioner relies on third party publications that are clearly prior art (*See* 35 U.S.C. § 311(b)), here Defendants are attempting to convert the patents' own parent application into invalidating prior art. Moreover, many of the references cited to be combined to allege obviousness are the same as or cumulative of references previously considered by the PTO during prosecution of the patents-in-suit.[2] In deciding to institute a review, the PTAB may consider whether the same or substantially the same prior art were previously presented to the PTO. 77 Fed. Reg. 48765 (Doc. 61, Exh. 5). Despite standard IPR institution statistics, based on the Defendants' key assertions and considering the references cited in Defendants' IPR petitions, it is unlikely that an IPR will even be instituted at the end of six months. The Court should deny Defendant's motion to stay because there would be no benefit to staying this litigation if Defendants' petitions are denied.

### C. The Estoppel Granted Through IPR Is Ineffective To Protect Millenium If The Case Is Stayed Before The PTAB Decision On The Petitions.

Defendants are effectively choosing to pursue their invalidity contentions in the PTO forum. Defendants cite heavily in their motion to the fact that estoppel will apply. (Doc. 60, 3, 7, 9.) Statutory estoppel prevents Defendants from re-litigating invalidity in any civil action on any ground that Defendants "raised or reasonably could have raised during that IPR." 35 U.S.C. § 315(e)(2). However, statutory estoppel applies only if Defendants' petitions are granted. *See id.* Since Defendants are asking this Court to grant a stay before the petitions are granted, if the

---

[2] Because the PTO has already considered substantially the same prior art during prosecution of the patents-in-suit, there would be no additional "benefit from the Patent Office's expertise," as alleged by Defendants.

PTAB denies Defendants' petitions, then Defendants would unfairly have enjoyed a stay yet still get a "second bite at the apple" and be able to argue invalidity before this Court after the same arguments were rejected by the PTAB. Therefore, if this Court does stay this litigation regardless of whether Defendants' petitions are granted by the PTAB, then the Court should enter an order to the effect that the IPR estoppel applies in this case whether a petition is granted or not.

### D. Defendants' Motion To Stay Is Premature.

Furthermore, Defendants' motion to stay is premature because the PTAB has not instituted Defendants' IPRs. "[A] stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, at 4 (M.D. Fla. May 13, 2013) (attached as Exh. D). The PTAB has six months to decide whether to grant Defendants' IPR petitions. Until the PTAB makes this decision, "the Court can only speculate as to whether the PTO will review a patent and to what extent." *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 12-2730-ADM/AJB (Exh. B). The PTAB may institute Defendants' IPRs on all claims, institute IPRs on some claims and not others, deny one and grant one of Defendants' IPR petitions, or deny both of Defendant's IPR petitions. 37 C.F.R. § 42.108(a). A stay of litigation requires the assumption that the PTAB will grant Defendants' petitions on all claims.

If the PTAB denies Defendants' IPR petitions, a stay would "result in an unnecessary delay of six months." *One StockDuq Holdings, LLC v. Becton, Dickenson and Co.*, No. 2:12-cv-03037-JPM-tmp, ECF No. 53 (W.D. Tenn. May 6, 2013) (attached as Exh. E). "[T]his action will have been left languishing on the Court's docket with no discovery, no positioning of the

parties on claim construction, and no dispositive motions. Put simply, the parties will be no closer to trial in a type of case that requires 'early substantive disclosure' in order to efficiently manage discovery and pretrial motion practice." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, ECF No. 36 at 4-5 (Exh. D). Many other district courts have reached the same conclusion, holding that staying litigation is premature when the PTAB has not yet decided whether to institute a review.[3] Indeed, "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 8:12-cv-00329-AG-JPR, (C.D. Cal. May 2, 2013) (internal citations omitted) (attached as Exh. F).

**E. There Is No Prejudice To Defendants If The Stay Is Denied.**

Defendants have not shown a clear case of inequity or hardship if this litigation should proceed. Defendants filed their IPR petitions on September 16 and 24, 2013. (Doc. 61, Exhs. 1-4.) Thus, the PTAB has until March 2014 to decide whether to institute Defendant's IPRs. Defendants contend that a stay would avoid "significant burden and expense" by not having to redo "claim construction, infringement contentions, invalidity contentions, and expert reports." However, these deadlines are not scheduled until around or after the PTAB is due to make its decision regarding Defendants' petitions. The only deadlines scheduled prior to the deadline for the decision from the PTAB in March 2014 relate to the party's contentions on infringement, validity and enforceability, ending with Final Infringement and Invalidity Contentions, which are

---

[3] *See, e.g. The Proctor & Gamble Co. v. Team Techs., Inc., et al.*, 12-cv-00552, (S.D. Ohio Sep. 10, 2013) (attached as Exh. G); *Derma Sciences, Inc. v. Manukamed Ltd.*, No. 3:12-cv-03388-JAP-LHG (D.N.J. July 18, 2013) (attached as Exh. H); *Trustees of Boston Univ., v. Everlight Elecs. Co., Ltd., et al.*, 12-cv-11935-FDS (Exh. A); *National Oilwell Varco, L.P. v. Pason Systems USA Corp.*, No. 1:12-cv-01113-SS (W.D. Tex. June 20, 2013) (attached as Exh. I); *One StockDuq Holdings, LLC v. Becton, Dickenson and Co.*, No. 2:12-cv-03037-JPM-tmp (Exh. E).

currently due on February 18, 2014. Otherwise, claim construction briefing does not start until April 2014, and the deadline for expert reports is not until after the claim construction hearing, tentatively scheduled for August 2014. In practicality, the majority of litigation anticipated over the next six months encompasses fact discovery.

Because the case is at an early stage of litigation, there is little risk of overlap between this suit and the IPR proceedings. *See One StockDuq Holdings, LLC v. Becton, Dickenson and Co.*, No. 2:12-cv-03037-JPM-tmp (attached as Exh. E). An IPR can only address issues of anticipation and obviousness. 35 U.S.C. § 314(b). There are numerous issues to be tried regarding the patents-in-suit that cannot be addressed by Defendants' petitions, including infringement, damages, validity under prior sales, and other equitable defenses. Unless the claims are canceled in their entirety,[4] discovery on these issues will still be relevant after the decision from the PTAB. Millenium "should be able, if it desires, to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the USPTO takes an interest in reviewing the challenged claims." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, at 5-6 (Exh. D).

A wholesale stay of all litigation until the PTAB's decision whether to institute would not significantly reduce expenditure of judicial resources because no substantial filing deadlines occur over the next six months. Instead, "allowing the progress of [this] docket to depend on the status of proceedings elsewhere can interfere with [the Court's] obligation to 'secure the just, speedy, and inexpensive determination of every action.'" *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 8:12-cv-00329-AG-JPR (attached as Exh. F) (quoting FED. R. CIV. P. 1). Millenium urges the Court to take a more conservative approach and allow discovery to proceed

---

[4] According to Defendant's motion to stay, there is a 58% chance that at least some claims will remain after reexamination. (Doc. 60, 8).

until the PTAB decides whether to institute Defendants' IPRs and stay deadlines that are determinant upon the PTAB's decision as they become due.

## IV. Conclusion

For the reasons discussed above, Millenium respectfully requests the Court deny Defendants' Motion to Stay Pending *Inter Partes* Review.

Date: October 7, 2013                    Respectfully submitted,

                                           /s/ Gary M. Miller

Gary M. Miller
Anna S. Knight
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

Eric M. Albritton
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Keith A. Rutherford
Terril G. Lewis
Marilyn B. Huston
Stephen E. Edwards
Ngoc-Linh Bui
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Ste. 600
Houston, Texas 77070
Telephone: (832) 446-2400
Facsimile: (832) 446-2424

André J. Bahou
Vice President & Chief Legal Officer
MILLENIUM BIOLOGIX, LLC
878 Arlington Heights Drive, Suite 400
Brentwood, TN 37027

Telephone: (202) 505-5215

Attorneys for Plaintiff
MILLENIUM BIOLOGIX, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 7, 2013, the foregoing **MILLENIUM BIOLOGIX LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY** was filed with the Clerk of Court using the CM/ECF system and a copy was served on the following by electronic transmission:

>Anthony Balkissoon
>Gwen Hochman Stewart
>Lisa A. Schneider
>Thomas David Rein
>Sidley Austin LLP
>One South Dearborn
>Chicago, IL 60603
>(312) 853-7000
>*Attorney for Defendants Baxter Healthcare Corp.,*
>*ApaTech, Inc. and ApaTech Limited*
>
>　/s/ Anna S. Knight